And now the Chief Justice stated the case, and delivered the opinion of the Court, in the following manner.
M’Kean, Chief Justi ce.
Elizabeth Willis being seized of a messuage and lot of land in the city of Philadelphia, with the appurtenances, died intestate, leaving issue a daughter named Elizabeth, who had intermarried with Samuel Walton, the Appellant, and by him had issue two sons, Joseph and Booz; and four grand-children, to wit, Thomas the Respondent, Solomon, Musgrove and Rebecca, being the children of her son Solomon Willis deceased, who had died, before her, intestate. The daughter, Elizabeth Walton, died after her mother, and her husband, the Appellant, and their two children, before named, survived her. Thomas Willis, the Respondent, applied by petition to the Orphan's Court of the county of Philadelphia, held on the 1st of April, 1782, for a partition of the premisses; or, if they could not be divided without prejudice to, or spoiling the whole estate, that a valuation thereof might be made, agreeably to the directions of the Acts of Assembly in such case made and provided. An inquest was accordingly had, and a return made, that the premisses could not be divided without prejudice to, or spoiling the whole, and valuing the same at £ 358. This return was confirmed by the Court on the 10th of June, 1782, and the premisses were adjudged to, and accepted by Thomas Willis, the Respondent, at the above valuation; and for securing the payment of that sum, in due proportions to the other Grand-children, he offered to the Court two sureties, who were approved of, and directed to *352 give bonds in the office of the Clerk of the Court, unto the other grand-children, for their respective shares; but no such bonds or security have yet been given.
On these proceedings an appeal is brought before this Court; and, upon the argument, the counsel have done great justice to their respective clients. It was our wish, however, that the opinions and practice of the several Orphan's Court's of Pennsylvania, had been ascertained in cases of this description; and that we might be informed, whether any case, upon similar principles, had been ever determined in the Supreme Court; for we should be exceedingly cautious in pronouncing a judgment that might shake estates held in this way. As we have not yet obtained full satisfaction on this head, we would still wish to defer giving our opinion; but that we think it proper, from the length of time the cause has been under advisement, to proceed upon the lights we have received.
On the part of the Appellant, six exceptions have been taken to the proceedings in the Orphan's Court.
1. That it is no where mentioned, who are the Representatives of Elizabeth Willis, the intestate; nor into how many parts the estate should be divided; but the whole is left to the Sheriff.
2. That the Court have adjudged the estate to a Grandson; whereas they had no authority to go beyond the first degree in the descending line.
3. That even if the Acts of Assembly did impower the Court to go farther, to wit, to the grand-children, yet that the adjudication ought to have been to all the children of the eldest son, and not to his eldest son exclusively.
4. That no provision is made for the Appellant, Samuel Walton, who is tenant by the curtesy of his wife’s share, to wit, of a third part, in three parts to be divided.
5. That the judgment is uncertain with respect to the valuation money; in-as-much as the amount of each share is not particularized, nor the time of payment limited.
6. That the partition ought to have been made by one inquest, if practicable; but, if not practicable, and so returned, the valuation ought to have been made by another inquest; and that, on the whole, no estate can be vested in Thomas Willis by his acceptance at the valuation, as no security has yet been given for the money.
The weight of these exceptions depends upon the due, construction of the Act of Assembly, entitled, “An Act for the better settling of intestates estates,” the supplement to that Act, and the practice under both of them.
1. With respect to the first exception; we think it would be well for the party praying for a partition of an intestate’s real estate, to be particular in the names of the persons entitled to shares, and of the purparty of each; and in this respect to pursue the form of a declaration in partition, and of the return of a writ de partitione facienda. But to reverse an inquest for this omission, would certainly affect *353 many estates, as these proceedings in the Orphan's Courts, are frequently drawn by persons not much skilled in strict forms; and, in the present case, as the return of the Sheriff has been, that the estate could not be divided without prejudice to or spoiling the whole, no wrong or damage seems to have been done to any one. For these reasons we must over-rule this objection.
2. The second exception introduces a question, whether a Grandson, that is, the eldest son of the eldest son of an intestate, is entitled to an estate, which cannot be divided, at the valuation, in the same manner as his Father? and this must be decided by the words, purview, and intent of the Legislature, in the two Acts of Assembly which have been already cited. The main intent of these acts, appears to have been, that real estates should be divided among the children, or representatives in the descending line, of an intestate; and not descend to the heir at the common law. But a secondary, and the next intent, seems to have been, to prevent estates from being split and frittered into many parts, to their manifest prejudice; and, accordingly, it is provided, that where that would happen, the, eldest son or heir at law, should have his election of taking the land at a valuation, to be made in the manner prescribed in the Acts.
The reason of a law will have great influence in determining its extent; and on the present occasion, the reason alluded to, is much stronger in the case of a Grandson than of a son; for, in this case, the distributive shares will probably be most numerous, and, consequently, most injurious to the land by a division or partition. The words “heir at law,” in both Acts, are, in strict grammatical construction, an expression, or substitute for eldest son; but the reason of the law, and the usage ever since the passing those Acts of Assembly (as we have been informed) will warrant a more extensive and beneficial interpretation of them. We think, therefore, that this objection likewise sails, as well as
3. The third objection, which we over rule; Thomas being alone the heir at common law.
4. But the fourth exception appears to the Court to be fatal. There ought to have been a provision made for Samuel Walton, who had an estate for life by the curtesy, and yet he is not even named in the sentence or decree of the Court below. When a writ de partitione facienda is issued, the Sheriff is obliged to summon all the parties to attend; and, if they do attend, he must make the partition in their presence. The same thing is not, indeed, expressly required in the partition, or valuation, to be made under the Acts of Assembly; yet natural justice, and the constant rules of all Courts require, that every person, who is interested in the proceedings, should be summoned and heard. 3 Mod. 378. It may not, perhaps, be the practice, nor is it necessary in this case, that it should be set out in the return by the Inquest, though we would wish that to be done; but it is essential to justice that all parties should in fact have notice. On the proceedings before the Orphan’s Court, the Appellant has not been made even a party in the decree;and the presumption of course is, that he was neither *354 summoned nor present. If he had been present, he might possibly have urged such arguments, as would have induced the inquest to have put a higher estimate, or value, upon the premisses, and an opportunity ought to have been given to him for that purpose.
5. As to the fifth exception; there does not appear to be sufficient certainty in the sentence of the Court; inasmuch as the purparts of the valuation money are not specified, nor the time of payment fixed. But this Court might reduce both these points to certainty, were there no other exceptions; and, in that case, the whole costs of the appeal would fall upon the Respondent.
6. On the sixth exception, we must observe, that the practice in the Orphans Courts has been to direct the same inquest, which is appointed to make a partition of real estate, if that cannot be done without prejudicing the whole, then to make the valuation. This Court, therefore, will not now undertake to alter this long established practice, though it is liable to some exceptions. But we are of opinion, that the fee in the premisses cannot yet be vested in Thomas Willis, as he neither paid, nor secured the payment of the valuation money to those who are entitled to receive it.
Upon the whole, let the sentence and decree of the Orphans Court be reversed.